[Civ. No. 1337. Fourth Appellate District.—January 26, 1935.]

JOHN ELLIOTT NEWMAN, Appellant, v. WILLIAM F. STEUERNAGEL et al., Respondents.

Borton & Petrini and Conron & Conron for Appellant.

George W. Nilsson, J. W. Heard, Jr., T. N. Harvey, Monta W. Shirley and Frederick E. Hoar for Respondents.

BARNARD, P. J.—The respondents have moved to dismiss this appeal, or to affirm the judgment, upon the

grounds, among others, that the points here raised having been decided adversely to appellant on a former appeal have become the law of the case and that the questions involved are so unsubstantial as not to need further argument.

This action was brought to recover damages for personal injuries suffered by the appellant when he was struck by an automobile which was being moved by one Andreola, who had been left in the car by Steuernagel when he double parked the same in order to go into a garage on business. A jury returned a verdict in favor of this appellant and the judgment was reversed. (*Newman* v. *Steuernagel,* 132 Cal. App. 417 [22 Pac. (2d) 780].) The facts are rather fully stated in that opinion and need not be here repeated. Upon a second trial the motion of these respondents for a nonsuit was granted and from the ensuing judgment this appeal was taken.

In his opening brief the appellant argues that the case should have been submitted to the jury because certain new evidence, taken in the light most favorable to appellant, is sufficient to show that Steuernagel's negligence in parking the automobile was the proximate cause of the accident and that Andreola, in moving the car, was acting as a servant in carrying out his duty to his master.

Leaving out certain statements not justified by the record, the only new evidence relied upon and called to our attention in the opening brief, which could have any bearing on the case, may be summarized as follows: Steuernagel testified that during the winter preceding the accident which occurred on April 14, 1930, he rode in a "Model A" Ford driven by Andreola on four or five occasions; that on one occasion, the time of which is not given, he was talking with Andreola about shifting gears and then told him that the gear shift on the "Model A" Ford was the same as that on the Pontiac; that he did not explain to Andreola about the operation of the starter, ignition or brakes on his own car, which was a Pontiac; that there were no valuables in his car at the time he double parked the same and left Andreola in it; and that just before the accident occurred he heard Andreola call to him. In reference to this he testified: "Q. Mr. Steuernagel, after hearing Mr. Andreola call, 'Bill', how long was it before you started out? A. Well I couldn't say just how long; it was more than—I should say from one to

two minutes. Q. You didn't start immediately? A. Well I started out; I was started out, and this man, this clerk was talking to me about this repair, and I kind of looked back, talking to him, and started for the door at the same time. Q. So you finished what your conversation was with the clerk before you went out? A. Yes.'' Another witness testified that at one time Steuernagel told him that when he double parked his car on this occasion he left the motor running. Steuernagel testified that he turned off the ignition but did not set his emergency brake, and Andreola testified that when he started the car he turned on the ignition. Andreola further testified that he had driven a ''Model T'' Ford for seven years before the time of the accident; that he had driven a gear shift car, ''the new car we got''; that he had never driven a gear shift car up to April, 1930; that before the day of the accident he had driven a gear shift car but a few times; and that he had never driven Steuernagel's car.

The appellant argues that it appears from this new evidence that Steuernagel entrusted his vehicle to a driver whom he knew to be incompetent and that it therefore appears that the negligent parking of the car was the proximate cause of the accident.

On the former appeal this court held in effect that the evidence was not sufficient to sustain the implied finding that Steuernagel entrusted the car to Andreola; that Andreola's act in moving the car was the intervening act of a third person; and that any possible negligence in connection with the parking of the car was not a proximate cause of the injuries to the appellant. The only new fact now appearing, in so far as negligence in parking is concerned, is that Steuernagel once stated to another person that he left his motor running on the occasion in question. If this be assumed to be true it has no material effect on the main question as to whether any negligence in the matter of parking the car was the proximate cause of the accident.

The other new evidence referred to can have a bearing only upon the question as to whether Steuernagel entrusted the car to Andreola in the sense of investing him with the right or duty to move the same, or whether the relationship between these parties was one of agency or master and servant, express or to be implied. Assuming that it now ap-

pears that Andreola was an incompetent driver, there is neither evidence that Steuernagel knew this nor that he entrusted the car to him in so far as moving the same is concerned. Neither can it be inferred from the fact that no valuables were in the car, that Andreola was first left in it and later sent back to it for the purpose of moving the same. The entire evidence merely indicates, as before, that Steuernagel did not want to leave the car unattended, and the same is far from sufficient to show direction or authority to move the car. The evidence to the effect that Steuernagel heard Andreola call to him and that he was a little slow in responding does not show such an emergency as would justify a stranger in assisting an employee within the rule discussed in our former opinion. If anything, this fact bears out what we then said as to Steuernagel's availability for the purpose of moving the car when the occasion arose.

There is no new evidence which could change the result or render inapplicable our holding on the same questions when raised on the previous appeal. For all practical purposes the evidence is substantially the same as that produced on the first trial of the case and reviewed in our former opinion. Giving full consideration to any new testimony which appears, it must still be held that the evidence is not sufficient to justify a verdict against these respondents.

The motion to affirm is granted and the judgment is affirmed.

Jennings, J., and Marks, J., concurred.